IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONNIE SKINNER** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:08CV63 LG-RHW** |
| | § | |
| **ASSURANT HEALTH, ET AL.** | § | **DEFENDANTS** |

**ORDER DENYING MOTION TO REMAND**

THE MATTER BEFORE THE COURT is Plaintiff's Motion to Remand [10]; the Response by Defendant Assurant Health d/b/a Time Insurance Company, f/k/a Fortis Insurance Company ("Time"); and the Joinder in Time's Response filed by Defendant Insurance Consultant Group, Ltd. ("ICG"). There has been no reply filed by the Plaintiff. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Plaintiff's Motion to Remand should be denied.

DISCUSSION

In February 2004, Defendant John Causey persuaded Plaintiff Donnie Skinner to apply for health insurance for himself and his daughter from Time. Skinner alleges that although he gave truthful and complete answers to the questions on the application, Causey "inserted false information and misrepresentations." Ct. R. 10-2 p. 3, 4. Specifically, Skinner informed Causey about a heart attack he had suffered two years earlier and gave the name of his treating physician. *Id*. at 4. This information does not appear in the application attached to the insurance policy. *See* Ct. R. 16-3 p. 18-23. As a result, when Skinner incurred significant expenses in the treatment of his heart condition approximately seven months later, Time refused to pay the claim, contending that Skinner's heart condition was preexisting. Ct. R. 16-5 p. 1. After further investigation, Time discovered Skinner's coronary disease and treatment during 2002-2003. Ct. R. 16-6 p.3. Time notified Skinner that it was "removing him from coverage based on the material

misrepresentation with respect to one or more questions on the application/enrollment form." *Id.*

Skinner alleges in this lawsuit that Time, ICG and Causey engaged in a scheme to induce him to purchase health insurance in which they misrepresented coverage and changed the medical information he provided. He further alleges that he did not know his medical information had been changed, because he was not provided with a copy of his policy (including the application) until after his claim was denied. Skinner also alleges that Causey misrepresented the policy's coverage, telling Skinner that he was eligible for coverage despite his treatment for coronary disease, because he was only "going form [sic] one insurance company to another." Ct. R. 10-2 p. 4.

The Parties and Procedural History:

Causey was a "writing agent" authorized to solicit insurance coverage from Time through Defendant ICG. He owned his own insurance agency. Causey was a resident of Mississippi at the time he filled out Skinner's application. He has since moved to Tennessee.

ICG is a Mississippi corporation and a "managing general agent" of Time - "primarily an administrative pass-through entity." Ct. R. 16-2. ICG employs Causey and other insurance agents as independent contractors, who solicit potential customers for Time's insurance products. Any applications Causey generated were forwarded to ICG, which in turn forwarded them to Time. ICG paid the commissions Causey earned on Time's insurance products.

Time is an insurance company based in Wisconsin. Time performed the underwriting and claims processing for the insurance policies sold by Causey.

Skinner, a Mississippi resident, filed suit against Time and ICG in the Circuit Court of Harrison County, Mississippi, alleging claims of fraud, breach of contract, malpractice, unjust enrichment, and negligence. Time, joined by ICG, removed the case to this Court, alleging that

ICG had been fraudulently joined solely for the purpose of defeating diversity jurisdiction, as there is no possibility of establishing a cause of action against ICG. Thus, Time contends that the allegations against ICG should be disregarded for the purposes of determining diversity jurisdiction.

Fraudulent Joinder:

A party alleging fraudulent joinder must show by clear and convincing evidence either that there is no possibility that the plaintiff could establish a cause of action against the non-diverse defendant, or that the jurisdictional allegations in the plaintiff's pleadings are fraudulent. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1999); *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). In evaluating fraudulent joinder claims, the Court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Dodson*, 951 F.2d at 42. The Court is then to determine whether that party has any possibility of recovery against the party whose joinder is questioned. *Id.*, cited in *Burden*, 60 F.3d at 216. The Court is permitted to consider evidence outside the pleadings, such as affidavits, deposition transcripts, and other documentation in making this determination. *Burden*, 60 F.3d at 217. However, a plaintiff can defeat a defendant's fraudulent joinder argument "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon*, 224 F.3d at 390.

The Allegations and the Evidence:

Examining the complaint in its entirety, the Court finds allegations of actions taken by ICG which caused or contributed to Skinner's damages.  First, Skinner alleges that ICG and/or Causey changed his application to make him appear insurable, so that they could sell Time's policy and collect commissions.  Ct. R. 10-2 p. 6.  Second, Skinner alleges that ICG failed to forward the policy of insurance to him after it was issued by Time, which presumably resulted in his inability to correct the misrepresentations.  *See generally,* Ct. R. 10-2.

Time has submitted the affidavit of David Hopkins, the President of ICG.  Ct. R. 16-2. Hopkins details the nature of ICG's relationship with Causey, "an independent insurance agent who owned his own independent insurance agency" and "was authorized to submit applications to Time" through ICG.  *Id*. at 1-2.  ICG was not involved in Skinner's insurance application process other than to forward the information from Causey to Time.  *Id.* at 2.  If Causey misrepresented coverage or changed Skinner's application information, "Causey would have been acting far beyond the scope of his authority from ICG or Time."  *Id.*  ICG has a record of mailing the policy it received from Time to Skinner on February 23, 2004.  *Id.*.  The mail was not returned to ICG.  *Id.*  Skinner called ICG on May 11, 2004, to remove his daughter from the insurance policy.  *Id*.  ICG forwarded Skinner's request to Time.  *Id.*  ICG has had no other contact with Skinner.  *Id.*  ICG "did not and never has changed or altered information on an insured's application."  *Id*. at 3.

Skinner has not responded to the Defendants' arguments or presented any evidence contradicting Hopkins' affidavit.[1]  In the absence of evidence to the contrary, the Court finds that

---

[1] Plaintiff's counsel has informed the Court that he does not intend to offer a counter-affidavit.

the assertions in David Hopkins' affidavit must be taken as true. *See Badon*, 224 F.3d at 394. The unrebutted assertions in Hopkins' affidavit are that ICG was merely a conduit between Causey as the selling agent and Time as the insurance company; Skinner received a copy of the insurance policy from ICG; ICG had nothing further to do with the application, claims or underwriting process, and had no reason to know about Skinner's true medical history and condition. In light of these undisputed facts, there is no possibility of establishing a cause of action against ICG. Time has therefore satisfied its burden to establish the fraudulent joinder of ICG. *See Lundy v. Cliburn Truck Lines, Inc.*, 397 F. Supp. 2d 823, 829 (S.D. Miss. 2005); *Bell v. Am. Gen. Fin., Inc.*, 267 F. Supp. 2d 582, 587 (S.D. Miss. 2003). Accordingly, Plaintiff's Motion to Remand should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [10] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on April 24, 2008.

**SO ORDERED AND ADJUDGED** this the 3rd day of June 2008.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge